UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

Jamshid MORADI,

Petitioner,

v.

Patrick DIVVER, et al.,

Respondents.

Case No.:  26-cv-0968-AGS-BLM

**ORDER REQUIRING RETURN**

Petitioner Jamshid Moradi seeks a writ of habeas corpus under 28 U.S.C. § 2241 to free him from immigration detention. At this stage, he need only make out a claim that is sufficiently cognizable to warrant an answer or return. *See* Rules Governing Section 2254 Cases in the United States District Courts, Rule 4 (authorizing summary dismissal "if it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief"); *id.*, Rule 1(b) (permitting application of Rules Governing Section 2254 Cases to any "habeas corpus petition"). In this context, the relevant federal rules permit "summary dismissal of claims that are clearly not cognizable." *Neiss v. Bludworth*, 114 F.4th 1038, 1045 (9th Cir. 2024) (cleaned up). But "as long as a petition has any potential merit, it is not so frivolous or incredible as to justify summary dismissal[.]" *Id.*

In March 2025, Moradi, "a native and citizen of Iran," "entered the United States" "without inspection," "immediately presented himself to Immigration Officials," and "was detained." (ECF 1, at 5.) He argues that his detention since that day "under 8 U.S.C. § 1225(b)"—for "more than 11 months," "without an individualized bond hearing"— "violates due process." (*Id.* at 2.)

This challenge warrants an answer. Some courts have concluded that prolonged detention can violate due process even for those subject to mandatory detention under 8 U.S.C. § 1225(b). *See, e.g.*, *Kydyrali v. Wolf*, 499 F. Supp. 3d 768, 772 (S.D. Cal. 2020)

1

("[T]he Court joins the majority of courts across the country in concluding that an unreasonably prolonged detention under 8 U.S.C. § 1225(b) without an individualized bond hearing violates due process."). So, by **February 23, 2026**, the government must answer. Any reply by the petitioner is due **February 27, 2026**, and the Court will hold a hearing on **March 3, 2026, at 1:00 p.m.**

Dated:  February 18, 2026

_____

Hon. Andrew G. Schopler
United States District Judge

2

26-cv-0968-AGS-BLM